Citation Nr: 1443651 
Decision Date: 09/30/14 Archive Date: 10/06/14

DOCKET NO. 09-16 850 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to service connection for the cause of the Veteran's death.


REPRESENTATION

Appellant represented by: Texas Veterans Commission


WITNESS AT HEARING ON APPEAL

Appellant




ATTORNEY FOR THE BOARD

S. B. Mays, Counsel

INTRODUCTION

The Veteran had active service from December 1946 to May 1967. The Veteran died in January 2006. The appellant is the Veteran's surviving spouse.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a November 2006 rating decision of the Houston, Texas Regional Office (RO).
 The appellant testified at a July 2013 hearing before the undersigned Veterans Law Judge. A transcript of the hearing is associated with the claims file. 

In December 2013, the Board denied the service connection claim for the cause of the Veteran's death. The appellant subsequently appealed the Board's decision to the United States Court of Appeals for Veterans Claims (Court). In February 2014, the Court granted the appellant's motion to expedite the proceedings. In a May 2014 Memorandum Decision, the Court vacated the Board's December 2013 decision denying service connection for the cause of the Veteran's death because the Board provided an inadequate statement of reasons or bases for discounting favorable medical opinions and other potentially favorable evidence. The Court remanded the case to the Board for readjudication. 


FINDING OF FACT

Resolving any doubt in the appellant's favor, the weight of the competent evidence of record reflects that the Veteran's presumed exposure to herbicides during service in the Republic of Vietnam contributed to his fatal brain cancer diagnosed as glioblastoma multiforme.
CONCLUSION OF LAW

The criteria for service connection for the cause of the Veteran's death have been approximated. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113, 1131, 1310 (West 2002); 38 C.F.R. §§ 3.102, 3.303, 3.310, 3.312 (2013).


REASONS AND BASES FOR FINDING AND CONCLUSION

In this decision, the Board grants in full the claims for service connection for the cause of the Veteran's death. As a result, no further discussion of VA's duty to notify and assist is required with respect to this issue.

In order to establish service connection for the cause of the Veteran's death, the evidence must show that a disability incurred in or aggravated by active service was the principal or contributory cause of death. 38 U.S.C.A. § 1310 (West 2002); 38 C.F.R. § 3.312(a). 

A veteran who, during active military, naval, or air service, served in the Republic of Vietnam during the Vietnam era shall be presumed to have been exposed during such service to an herbicide agent, unless there is affirmative evidence to establish that the Veteran was not exposed to any such agent during that service. 38 U.S.C.A. § 1116(f); 38 C.F.R. § 3.307 (2013). 

The Veteran's STRs, to include a February 1967 separation examination report, are entirely silent or negative for any evidence pertaining to a brain tumor. Nonetheless, his service personnel records indicate that he served in the Republic of Vietnam during the Vietnam War and, therefore, he is presumed to have been exposed to herbicides during service. 38 U.S.C.A. § 1116; 38 C.F.R. §§ 3.307(a)(6), 3.309(e).

Post-service medical records show the Veteran presented increasing speech and mental status changes in 2004 and was diagnosed with a brain tumor in August 2004. 

He died in January 2006, and his death certificate lists the immediate cause of death as glioblastoma multiforme ("brain cancer"). 

In April 2006, the appellant filed her cause of death claim stating the Veteran's diabetes contributed to the Veteran's death. In support of her assertion that the Veteran's death was due to diabetes (incurred as a result of herbicide exposure) she submitted an April 2006 opinion from Dr. M.W who stated, "I have been the Veteran's internist since September 1997...It is my medical opinion that his diabetes was a contributing factor to his death. It would be proper to include diabetes in Part 2 of the cause of death on his death certificate." 

In November 2006, the RO granted service connection for a number of disabilities including diabetes as due to herbicide exposure; and denied service connection for brain cancer secondary to radiation exposure. 

Because the Veteran's fatal brain cancer is not one of the diseases subject to presumptive service connection based on in-service herbicide exposure under 38 C.F.R. §§ 3.307(a)(6)(iii), 3.309(e), a relationship to service must be established on a direct basis. There are three medical opinions addressing this issue. 

In a January 2009 VA medical opinion, the reviewing allopathic and osteopathic physician concluded that diabetes mellitus is less likely than not a contributing factor in the Veteran's death. She reasoned that there is no evidence that it caused any progression beyond the natural progression of the glioblastoma multiforme. She stated further that the Veteran's brain tumor is not associated to diabetes mellitus or Agent Orange, and that diabetes is not a risk factor to cause a brain tumor. The examiner provided an excerpt of "medical literature" which discussed the general risk factors that have been associated with brain tumors. In addition, the examiner stated that the "Agent Orange web page" does not recognize glioblastoma as a condition related to Agent Orange.

To the contrary, in a September 2013 letter, Dr. D.S., a private practice oncologist, stated that exposure to herbicides has been associated with increased incidences of malignant tumors (including glioblastoma) in experimental animals. There has been an increased incidence of malignant tumors, (including glioblastoma) in Vietnam Veterans. Based on the above, Mr. [redacted]' glioblastoma is [at] least as likely as not a (50/50 probability) caused by or as a result of exposure to Agent Orange. 

In another September 2013 letter, Dr. P.N., a neurosurgeon associated with Methodist Neurological Institute, stated that glioblastoma is a highly aggressive form of brain cancer, with survival of 12 to 18 months with standard care. He noted further that there are a significant number of Vietnam veterans who have been diagnosed with this form of cancer and increasing evidence linking the incident of these tumors to exposure to toxins including herbicides. He noted that laboratory studies of Dioxin TCDD, the main dioxin in Agent Orange, have shown this agent to cause cancer in a number of organs in animals. Malignant brain tumors, including glioblastoma, are one of the tumors seen in laboratory animals after exposure to TCDD. Dr. P.N. stated further that there have been many reports of the diagnosis of glioblastoma in Vietnam veterans and noted that it is possible that exposure to Agent Orange may cause the same cancers in humans as in animals. There is, therefore, an equal chance that the incidence of glioblastoma in Vietnam veterans may have been caused by Agent Orange verses random occurrence. Dr. P.N. concluded that the Veteran's diagnosis of glioblastoma has a 50/50 probability of having been caused by exposure to Agent Orange. 

In addition to the private medical opinions submitted by the appellant, she submitted a February 2011 internet article titled, "VA Links Brain Cancer to Agent Orange Exposure in Recent Court Decision." This article chronicles a surviving spouse's claim for entitlement to service connection for the cause of the Veteran's death (glioblastoma multiforme) based on presumed exposure to Agent Orange during Vietnam service. The author of the article referenced a 2008 article from the Institute of Medicine which reflects that glioblastoma multiforme is a highly aggressive form of brain cancer and there is an increasing prevalence of brain cancers as a result of exposure to toxins. It further indicates that current research shows a causal relationship between herbicide exposure and glioblastoma multiforme.

The appellant also submitted a copy of a 2012 Board decision that awarded service connection for the cause of the Veteran's death based on an etiological relationship between glioblastoma multiforme and Agent Orange exposure. 

The Board finds that the weight of the evidence supports a finding that the Veteran's in-service exposure to herbicides contributed to his fatal brain cancer. The 2009 VA physician, Dr. D.S, and Dr. P.N., are all competent to provide medical opinions as they are physicians. In addition, they all have had an opportunity to review the Veteran's medical record prior to authoring an opinion. However, the Board finds deficiencies in the 2009 VA medical opinion. For example, the medical evidence clearly indicates that the Veteran's glioblastoma is the most aggressive form of brain cancer, yet the VA examiner in an attempt to support her unfavorable conclusion referenced the epidemiology and risk factors of meningioma, which is defined as a benign, slow-growing tumor of the meninges. See Dorland's Illustrated Medical Dictionary 1132 (32th ed., 2012) (Dorland's). In addition, while the VA examiner noted that glioblastoma multiforme is not a presumptive disease associated with Agent Orange, according to an "Agent Orange web page," establishing service connection on a direct basis is still a viable avenue. The Board finds the 2009 VA opinion of limited probative value.

To the contrary, the most persuasive evidence addressing the issue of a nexus between the Veteran's glioblastoma multiforme and his agent orange exposure are the 2013 opinions authored by Drs. D.S. and P.N., along with the other evidence, to include the 2008 information from the Institute of Medicine (see February 2011 VA article referenced above). This evidence speaks directly to the Veteran's diagnosis of glioblastoma multiforme and shows that Agent Orange is shown to cause cancers in laboratory animals at a variety of sites, including glioblastoma multiforme. And as noted by Dr. D.S., the Veteran's glioblastoma is [at] least as likely as not caused by or a result of exposure to Agent Orange. In addition, the Board notes that Dr. D.S. is an oncologist, and Dr. P.N. is a neurosurgeon, therefore both are expertly qualified in the pertinent area of medicine to provide an opinion in this case. See Guerrieri v. Brown, 4 Vet. App. 467 (1993). 

Resolving any doubt in the appellant's favor, the weight of the evidence supports a finding that the Veteran's exposure to herbicides in service contributed substantially to the development of his fatal brain cancer. The Board will grant the appellant's service connection claim for the cause of the Veteran's death.

ORDER

Service connection for the cause of the Veteran's death is granted.



____________________________________________
Vito A. Clementi
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs